IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTEN SMITH,

                Petitioner-Defendant,        OPINION & ORDER

  v.

                                                           16-cv-439-jdp

UNITED STATES OF AMERICA,                   14-cr-24-jdp

                Respondent-Plaintiff.

---

Kristen Smith was convicted by a jury of kidnapping her half-sister's four-day-old infant son, and I sentenced her to the mandatory minimum 25-year term of incarceration. Her conviction was upheld on appeal, *United States v. Smith*, 831 F.3d 793, 795 (7th Cir. 2016). Now Smith moves to vacate her sentence under 28 U.S.C. § 2255 on the grounds that her trial counsel was ineffective in several ways. Smith hasn't shown that the work of her trial counsel was deficient. And, even if her counsel had been deficient, she hasn't shown any prejudice because evidence of her guilt was overwhelming. I'll deny her petition under § 2255.

Smith has also filed a document that she titles "motion to amend judgment." Dkt. 17.[1] The document is a fill-in form that suggests that the court of appeals has ordered me to consider some form of sanctions against the government under Rule 11 of the Federal Rules of Civil Procedure. The court of appeals has made no such order and the document makes no sense. I will summarily deny that motion.

---

[1] Docket references are to the civil case, 16-cv-439, unless otherwise noted.

ANALYSIS

The facts of this remarkable case are set out in detail in the appellate opinion. I won't repeat the background here, but I will assume familiarity with the facts.

Smith does not expressly request a hearing on her motion, and I conclude that no hearing is necessary. Smith would be entitled to a hearing if she alleged facts that, if true, would entitle her to relief. *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010). And I could hold a hearing if one were needed to determine whether Smith is entitled to relief. *Id*. But this is a case in which Smith's motion and the full record of her case show conclusively that she is not entitled to relief. So no hearing is necessary. *Id*.; § 2255(b).

To show that her trial counsel was ineffective, Smith must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) she suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 693 (1984)). On the first prong, Smith must establish the specific acts or omissions of counsel that she alleges constitute deficient performance, and the court determines whether those acts or omissions fall outside the wide range of professional competence. As for the second prong, Smith must show that, but for counsel's errors, there is a reasonable probability that the trial would have produced a different result. *Id*.

**A. Failure to challenge racial composition of the jury**

Smith contends that counsel was ineffective for "not objecting to an all white jury." This ground for relief fails for two reasons. First, she was not convicted by an all-white jury. One of the jurors self-identified as "multi-race," which is how Smith identified herself for purposes of jury voir dire. Dkt. 76 in 14-cr-24 (Smith's proposed voir dire question on race); Dkt. 14 (ex parte filing showing juror pool composition). Second, Smith has no right to a

2

specific racial makeup in the jury; she has a right to fair jury selection process. *United States v. Duff*, 76 F.3d 122, 125 (7th Cir. 1996) (citing *Holland v. Illinois*, 493 U.S. 474, 482–83 (1990)). Smith does not allege that the government exercised peremptory strikes for racial reasons or that there was any other impropriety in the jury-selection process. Smith has not shown that counsel had any basis to object to the composition of the jury, so she cannot show that counsel was ineffective for failing to object.

**B. Failure to raise Smith's mental illness**

Smith contends that she suffers from serious mental illness, and that her counsel was ineffective for failing to raise the issue. The heading in her brief in support of her motion describes this as question of her competence to stand trial, but the body of the brief contends only that her mental illness was a potential defense on the merits. Dkt. 9, at 2–3. Because Smith is proceeding pro se, I'll consider both issues.

To establish an insanity defense on the merits, Smith would have to show by clear and convincing evidence that at the time of the kidnapping (1) she suffered from a severe mental disease or defect, and (2) she was unable to appreciate the nature and the quality or the wrongfulness of her acts. 18 U.S.C. § 17. As the government points out, nothing in the record suggests that the insanity defense was a viable option. Dkt. 10, at 8–12. Although Smith testified (and claims now) that she had severe mental health problems, she does not point to any medical evidence that at the time of her trial she had been diagnosed with a mental illness severe enough to support an insanity defense. The Bureau of Prison health summary that Smith submitted with her reply, Dkt. 16-1, cites several significant mood disorders. But that information was not available to her trial counsel, and so it is irrelevant to the question of whether trial counsel was ineffective.

But more important, the trial evidence showed that Smith keenly appreciated the wrongfulness of her actions at the time of the kidnapping. After she found out that she would be questioned by a police officer along the highway in Iowa, Smith concealed the kidnapped infant. She persistently denied taking the infant over the course of 29 hours. The kidnapping itself was preceded by months of planning, which included faking her own pregnancy so that she could pass off the infant as her own. No reasonable juror could believe that Smith did not know what she was doing or that she did not realize that taking the infant was wrong. And the insanity defense would have been inconsistent with the defense actually presented at trial, which was that the father consented to Smith taking the infant. Smith's counsel was not ineffective for failing to raise an insanity defense that was doomed to fail.

I turn to Smith's competence to stand trial. The question is whether at the time of the trial, she had "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding—and whether [she] has a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). She doesn't separately address her mental state during the prosecution of the case, but I'll assume that her mental-illness based arguments would apply to her competence at trial. Having some mental health problems does not mean one meets the *Dusky* incompetence standard. In this case, even if Smith suffered from mental illness, I have no reason to doubt that Smith was able to understand the proceedings and assist in her defense. The defense at trial was that the father gave consent to her taking the infant to Colorado. This was a coherent defense based on the one element of the crime on which there was not irrefutable evidence. Smith took the stand and testified in detail about her interaction with the father. The jury had many reasons to discredit her testimony, but she ably participated in mounting this defense.

At sentencing, she offered an extensive, coherent allocution. Smith has not pointed to any reason why her counsel should have raised her competency to stand trial, and I see none.

**C. Failure to challenge inconsistencies in the government's case**

Smith contends that counsel was ineffective for failing to challenge inconsistencies in the government's case. Smith cites these inconsistencies: "who actually called police, whether it was Marshall [mother] or Powell [father], what time Marshall's grandmother work up, that Marshall waited 2 hours to contact police, and that Powell gave police a false name due to the fact that he had an outstanding warrant for his arrest." Dkt. 9, at 3. But Smith concedes that these are "relatively minor." *Id.* Because the evidence of her guilt was so overwhelming, Smith cannot show that she suffered any prejudice from her counsel's failure to contest minor details.

Powell's credibility was a central issue in the case, given Smith's defense strategy. So if counsel utterly failed to try to impeach Powell's testimony, that would raise a question about his performance. But Smith's counsel cross-examined Powell extensively, exploring frictions and conflicts between Powell and Marshall and with Marshall's family, and he tested Powell's testimony about the night before the kidnapping against his prior statements. Dkt. 116 in 14-cr-24, at 97–119. Counsel did not confront Powell with the fact that he had given police a false name, but that fact had already been brought out by the government on direct examination. *Id*. at 88–89. Smith's counsel's decision not to revisit a topic already covered was a reasonable trial strategy.

Smith has not shown any deficient performance by counsel in failing to challenge any purported inconsistencies in the government's case.

5

**D. Failure to discuss plea agreement**

Smith says her counsel never discussed a plea agreement with her. And, she argues, if the government had offered a favorable plea agreement that counsel did not tell her about, that would be both deficient performance and prejudicial. Smith is right that it would be ineffective representation to fail to inform a defendant of a favorable plea agreement. But the government submits an affidavit, Dkt. 13, that shows that the government did not offer a plea agreement, and that the government would have accepted only an unconditional plea to the charge. Smith does not challenge the government's affidavit in her reply. Dkt. 16. So counsel cannot be ineffective for failing to discuss a plea offer that was never made.

**E. Other issues**

Smith also briefly touches on two additional issues. She presents them so summarily that I could deem them forfeited. *United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008). But, in consideration of Smith's pro se status, I'll address them briefly.

Smith contends that counsel was ineffective for failing to challenge the admissibility of her statements to law enforcement officers after her arrest. But counsel *did* challenge the admissibility of those statements with a motion to suppress and a supplemental motion to suppress. Dkt. 25 and Dkt. 30 in 14-cr-24. The magistrate judge issued a Report and Recommendation that I deny the motions in part and grant them in part. Dkt. 50 in 14-cr-24. Smith's counsel objected. Dkt. 63 in 14-cr-24. I overruled the objections and, with small adjustments to the factual findings, adopted the ultimate holdings in the report and recommendation. Dkt. 72 in 14-cr-24. Counsel was partly successful, in that he persuaded the court that Smith had asked for counsel at a certain point in the interrogation, and the court deemed her statements after that point to be inadmissible in the government's case-in-chief.

(Ultimately some of those statements were used at trial for impeachment of Smith's testimony, which was permissible because the statements were not coerced.) That counsel was not completely successful in the motion to suppress does not make his performance deficient.

Smith also contends that counsel did not meet with her enough. She says they met only twice, and one time was just 10 minutes before trial. Smith also says that counsel was not responsive to phone calls from Smith or her family. If these allegations are true, and I'll assume they are for purposes of this motion, counsel did a poor job of making sure that his client felt informed and supported. But Smith makes no showing that counsel's poor client communications created any prejudice to her. She does not, for example, explain that there was a more viable defense that she would have been able to present if only counsel had talked to her more. With no showing of prejudice, she cannot base an ineffective assistance of counsel claim on counsel's poor client communication.

CONCLUSION

Smith has failed to show that her trial counsel's performance was deficient or that she suffered prejudice from it. Accordingly, I will deny her motion under 18 U.S.C. § 2255.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Smith makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires her to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments

on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons already stated, I conclude that Smith has not made a showing, substantial or otherwise, that her trial counsel was ineffective. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Smith a certificate of appealability.

ORDER

IT IS ORDERED that

1. Kristen Smith's motion under 18 U.S.C. § 2255 to vacate, set aside, or correct her sentence, Dkt. 1, is DENIED.

2. Smith's motion to amend judgment, Dkt. 17, is DENIED.

Entered August 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge